a counterclaim. In response to the issues the jury found that the defendants had failed to comply with the contract, that the breach had not been waived by the plaintiff, and assessed damages both for the plaintiff and for the defendants on their counterclaim.

In our examination of the record we have discovered no reversible error.

No error.

---

W. G. COPPERSMITH AND J. B. LATHAM, TRADING AS LITTLETON FEED AND GROCERY COMPANY, v. R. L. COOK AND THE WARRENTON GROCERY COMPANY, INC., PARTNERS, TRADING AS R. L. COOK.

(Filed 19 September, 1928.)

APPEAL by plaintiff from *Daniels, J.,* at May Term, 1928, of WARREN.

Controversy without action, submitted on an agreed statement of facts, to determine the liability of the Warrenton Grocery Company for the debts of R. L. Cook, either as partner or principal and agent.

From a judgment exculpating the said Warrenton Grocery Company from liability for the debts of R. L. Cook upon the facts agreed, the plaintiff appeals, assigning error.

*Jos. P. Pippen for plaintiff.*
*Williams & Banzet for defendant.*

PER CURIAM. The judgment is correct. The case would be valueless as a precedent, hence the facts are not stated and no opinion will be written, other than this memorandum.

Affirmed.

---

FRANK BYERS v. W. P. ROSE.

(Filed 19 September, 1928.)

APPEAL by plaintiff from *Midyette, J.,* at May Term, 1928, of WILSON.

Civil action to recover damages for injury to plaintiff's eye, alleged to have been caused by the negligence of the defendant in failing properly to provide a reasonably safe place, or to furnish tools and appliances reasonably suitable for the work in which plaintiff and another, Robert Jones, as employees of the defendant, were engaged at the time,

to wit, in removing wooden casings from concrete posts on the third floor of the new Wilson County courthouse.

Robert Jones was standing on a scaffold driving a wedge between two of the plank casings, for the purpose of prizing them off, when the scaffold gave way, caused him to miss the wedge, or to foul it, and his hammer flew off and injured the plaintiff who was standing on the opposite side of the post. The record is silent as to whether the hammer belonged to the defendant or Jones.

At the conclusion of all the evidence, upon motion of defendant, judgment of nonsuit was entered in the case, from which the plaintiff appeals, assigning error.

*P. R. Hines, Lucas & Jennings and Troy T. Barnes for plaintiff.*
*Cale K. Burgess for defendant.*

PER CURIAM. The plaintiff's injury seems to have been the result of an unfortunate accident, or at least we have not been able to discover any valid reason for disturbing the judgment of nonsuit on the record as presented.

Affirmed.

---

HANNAH ALLEN, ADMINISTRATRIX, v. CAROLINA TELEPHONE AND TELEGRAPH COMPANY.

(Filed 19 September, 1928.)

APPEAL by plaintiff from *Nunn, J.,* at February Term, 1928, of JOHNSTON.

Civil action to recover damages for an alleged wrongful death caused by the falling of a telephone pole while plaintiff's intestate was at the top of it, removing wires therefrom.

From a judgment of nonsuit entered on motion of the defendant at the close of plaintiff's evidence, plaintiff appeals, assigning error.

*Jno. A. Narron and E. J. Wellons for plaintiff.*
*Gilliam & Bond and Ed. F. Ward for defendant.*

PER CURIAM. We agree with the trial court that the evidence adduced on the hearing, and now appearing of record, was not sufficient to carry the case to the jury. It would serve no useful purpose to set out the testimony of the witnesses. The judgment of nonsuit will be upheld.

Affirmed.